242 F.2d 565
 Travis M. SASSER (doing business as Cincinnati Shippers Supply Co. and Dayton Fastener — both individual proprietorships owned by Travis M. Sasser) and Shipping Room Suppliers, Inc., Defendants-Appellants,
v.
SENCO PRODUCTS, Inc., Plaintiff-Appellee.
 No. 12901.
 United States Court of Appeals Sixth Circuit.
 March 26, 1957.
 
 Frank Zugelter, Cincinnati, Ohio, Sol N. Wolfson, Cincinnati, Ohio, on brief, for appellants.
 Stanley H. Foster and Erastus S. Allen, Cincinnati, Ohio, Allen & Allen, Arthur Gordon, Cincinnati, Ohio, on brief, for appellee.
 Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Senco Products, Inc., appellee, sued appellants for direct infringement of its patents for staplers; for contributory infringement; for inducing infringement thereof; and for unfair competition. Appellants defended on the ground that the patents in issue were invalid; that they had only sold repair parts of the patented devices; that appellee had been guilty of misuse of its patents by its intentional delay in supplying repair parts to users of appellee's device; and that there was no properly admissible evidence to sustain appellee's claim that appellants had been guilty of unfair competition.
 
 
 2
 The district court found that appellants were guilty of infringement, contributory infringment and unfair competition; and that appellee had not misused its patents as alleged.
 
 
 3
 On the argument of the case on appeal, in reply to interrogation by the court, it was conceded by appellants that the patents in suit were valid, so that issue may, at the outset, be eliminated from consideration.
 
 
 4
 With the issue of validity of the patents removed from the case, appellants' contention that they were not guilty of contributory infringement appeared to be its strongest defense, but that defense fails in view of the finding of the district court, which was supported by evidence, that appellants had sold components of appellee's patented staplers; and under the new Patent Code of 1952, Title 35 U.S.C.A. § 1 et seq., it is provided in Section 271(c):
 
 
 5
 "Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."
 
 
 6
 It further appears that appellants sold magazine assemblies comprising all the elements existing in one of the claims of appellee's patents, which constitute infringement thereof under Title 35 U.S.C.A. § 271(a).
 
 
 7
 The proofs further disclose that appellants had hired away from appellee an important employee who held the position of assistant to appellee's office manager, in order to secure secret trade information consisting of a list of appellee's best accounts, and the prices charged to its customers, resulting in undercutting of prices by appellants and the loss of many customers and great damage to appellee. The evidence also shows that appellants used appellee's arbitrary name and number designations for parts and staples, which they affixed to parts and staples, which were not manufactured by appellee, but which appellants sold to the customers of appellee without any other indication of their origin. The foregoing conduct, repeated on numerous occasions by appellants, amply supported the district court's findings that appellants were guilty of unfair competition. See Goodyear Tire & Rubber Co. v. Marbon Corp., D.C., 30 F.Supp. 420; Ford Motor Co. v. Alltite Motor Products Corp., D.C., 117 F.Supp. 460 and 117 F.Supp. 584, Keller, Inc., v. Chicago Pneumatic Tool Co., 7 Cir., 298 F. 52.
 
 
 8
 Appellants claim that the district court erred in its finding that one of appellee's patents was valid, after counsel for appellee had offered to withdraw it on the hearing. It appears that at the time the offer of withdrawal was made, appellee had failed to supply proof of infringement; but, thereafter, evidence which was introduced by appellants justified the court in retaining the patent in question for consideration on the question of validity of infringement; and, accordingly, no reversible error appears in this regard.
 
 
 9
 The findings of the district court are sustained by the evidence; and no error appearing in its conclusions of law, the judgment of the district court is affirmed.